**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org

Attorneys for Plaintiffs

'17CV557  LAB WVG

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAD GARDNER, an individual, on behalf of himself and on behalf of others similarly situated; MICHAEL ALBA, an individual, on behalf of himself and on behalf of others similarly situated; and KEVIN CHO, an individual, on behalf of himself and on behalf of others similarly situated;<br><br>                Plaintiffs,<br><br>    vs.<br><br>HAKKASAN LIMITED, a foreign private limited company; HAKKASAN USA, INC., a Delaware Corporation; HAKKASAN HOLDINGS LLC, a Nevada Corporation;<br><br>                Defendants. | **COLLECTIVE AND CLASS ACTION COMPLAINT FOR:**<br><br>**(1) FAILURE TO PAY WAGES DUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA);**<br><br>**(2) ILLEGAL TIP POOLING UNDER THE FLSA;**<br><br>**(3) FAILURE TO COMPENSATE FOR ALL HOURS WORKED UNDER CALIFORNIA LAW;**<br><br>**(4) FAILURE TO PROVIDE OVERTIME PREMIUM PAY UNDER CALIFORNIA LAW;**<br><br>**(5) FAILURE TO PAY REST BREAK PREMIUM PAY UNDER CALIFORNIA LAW;**<br><br>**(6) FAILURE TO PAY MEAL PERIOD PREMIUM PAY UNDER CALIFORNIA LAW;**<br><br>**(7) FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES UNDER CALIFORNIA LAW;**<br><br>**(8) FAILURE TO SET FORTH TERMS OF AND ADEQUATELY PAY COMMISSIONS UNDER CALIFORNIA LAW;** |

CLASS ACTION COMPLAINT

**(9) ILLEGAL TIP POOLING UNDER CALIFORNIA LAW;**

**(10) WAITING-TIME PENALTIES UNDER CALIFORNIA LAW;**

**(11) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER CALIFORNIA LAW;**

**(12) VIOLATIONS OF CALIFORNIA'S UCL.**

Plaintiffs Brad Gardner, Michael Alba, and Kevin Cho, on behalf of themselves and those similarly situated, based upon facts which either have evidentiary support, or are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, allege on information and belief as follows:

## **INTRODUCTION**

1.      This is a hybrid collective action, under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA") for violation of federal law, and a class action, under Federal Rule of Civil Procedure ("FRCP") Rule 23 for violations of California state law.

2.      Acting as the Hakkasan Group, Defendants HAKKASAN LIMITED, HAKKASAN USA, INC., and HAKKASAN HOLDINGS LLC along with their subsidiaries, own and operate nightlife and daylife venues across the United States.

3.      Plaintiffs are non-exempt employees who worked to promote and bring in business at Defendants' nightlife and daylife venues.

4.      Plaintiffs worked long hours for Defendants, often in excess of 60 per week. In order to avoid paying Plaintiffs their legally mandated wages, Defendants instituted a variety of illegal practices. With respect to some employees, Defendants unlawfully misclassified them as exempt and refused to pay them

overtime, among other violations of federal and state laws. With respect to other employees, Defendants paid them hourly but only for a certain portion of the total time they actually worked for Defendants. Defendants made employees, in other words, work for free.

5.     Defendants' employment practices violate the FLSA, the Code of Federal Regulations, the California Labor Code, the California Code of Regulations, California Industrial Wage Commission ("IWC") Wage Orders, and California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* Defendants' employment practices are unfair to their employees and competitors. Plaintiffs bring this complaint for recovery of wages, penalties, and unjust gains realized by Defendants.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal law claims pursuant to 28 U.S.C. §§ 1331 and 1343(4) because these claims seek redress for violations of Plaintiffs' federal civil and statutory rights.

7.     This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), because these claims are so closely related to Plaintiffs' federal wage and hour claims that they form parts of the same case or controversy under Article III of the United States Constitution.

8.     This Court has jurisdiction over Defendants because they conduct substantial business in California and San Diego County. Defendants intentionally availed themselves to the laws and markets of California through operation of their business in California and San Diego County.

9.     Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c). A substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial District.

## THE PARTIES AND SINGLE ENTERPRISE / ALTER EGO ALLEGATIONS

10.    HAKKASAN LIMITED is a foreign private limited company qualified to do business in the state of Nevada and doing business in the county of San Diego, state of California ("Hakkasan Limited"). The Secretary and Treasurer of Hakkasan Limited is Jan Marks ("Marks"); the President is Nick McCabe ("McCabe"); and the Director is Neil Moffitt ("Moffitt"). The address listed on the Nevada Secretary of State website for these various officers of Hakkasan Limited is 6385 S. Rainbow Blvd., Suite 800, Las Vegas, NV 89118 ("Rainbow Address").

11.    HAKKASAN USA, INC. is an active Delaware Corporation doing business in the county of San Diego, County of San Diego ("Hakkasan USA").  It is located at the Rainbow Address. Hakkasan USA is a wholly owned, managed, and controlled subsidiary of Hakkasan Limited.

12.    HAKKASAN HOLDINGS LLC is a Nevada limited liability company doing business in the county of San Diego, state of California ("Hakkasan Holdings"). It is located at the Rainbow Address. Hakkasan Holdings issues paychecks to Plaintiffs and similarly situated employees during the Class Period, defined *infra*. Hakkasan USA is the managing member of Hakkasan Holdings. In turn, Hakkasan Holdings is a wholly owned, managed, and controlled subsidiary of Hakkasan Limited.

13.    In addition to the above, Hakkasan Limited has many other wholly owned subsidiary corporations that it, along with its directors, officers, and agents, entirely own, manage, and control, especially as it relates to the employment and other business practices mentioned herein. The wholly owned subsidiaries in turn may have their own wholly owned subsidiary corporations which Hakkasan Limited, along with its directors, officers, and agents, equally own, manage, and control. Hakkasan Limited, Hakkasan USA, Hakkasan Holdings, and the other

related subsidiaries that make up the Hakkasan enterprise collectively do business as Hakkasan Group ("Hakkasan Group").

14.     Rather than acting as separate and distinct legal entities, the various entities making up the Hakkasan Group act with a unity of interest and ownership. These entities have overlapping if not identical officers/managing agents. They operate out of the same location (Rainbow Address). The entities also advertise as well as hold themselves out as a singular, uniform enterprise. The entities also, upon information and belief, share employees (including officers), owners, and other resources.

15.     As an example, Omnia Nightclub San Diego ("Omnia San Diego") is one of Hakkasan Group's nightlife venues. 6th And Island Investments, LLC ("Island Investments"), a corporation organized and existing under and by virtue of the laws of the State of California, and doing business in the County of San Diego, State of California, does business as Omnia Nightclub San Diego. Marks is the Chief Financial Officer of Island Investments. Moffitt is the Chief Executive Officer of Island Investments. Island Investments is managed by Hakkasan Holdings and lists its principle address as the Rainbow Address.

16.     According to the Hakkasan Group website (staging.hakkasangroup.com), the group is a "worldwide hospitality company with establishments across North America, Europe, Middle East and Asia. . . . Its 'brand first' philosophy builds restaurant, nightlife, daylife and soon-to-be hotel concepts into world-class hospitality brands, all with a focus on service, design, innovation and experience." The website also lists several nightlife and daylife venues, including but not limited to: Omnia Nightclub (San Diego, CA), Omnia Nightclub (Las Vegas, NV), Shorebar (Santa Monica, CA), and 1 Oak Nightclub (Las Vegas, NV). In total, there are at least 5 Hakkasan Group nightlife and daylife venues in California and at least 10 Hakkasan Group nightlife and daylife venues within the United States, outside of California.

CLASS ACTION COMPLAINT

17. The "Hakkasan Group Corporate Office (US)," according to the Hakkasan Group website, is the Rainbow Address.

18. In a December 2014 interview about the Hakkasan enterprise, Moffitt stated he "manage[s] thousands of people around the world" – referring to the various employees working at all of the Hakkasan Group locations, including Omnia.

19. The Hakkasan Group website has an "Executives" section which lists Nick McCabe as the Group's President responsible for managing all operation initiatives and ensuring consistent practices on a global scale, among other things.

20. The Hakkasan Group website also provides a "Careers" link which takes users to a separate website with listings for jobs throughout Hakkasan Group's various locations, including Omnia San Diego.

21. In its own court filings, Hakkasan Limited makes representations that support Plaintiffs' alter ego allegations. For example, in one case, Hakkasan Limited represented that the nightclub and restaurant "Hakkasan Las Vegas" is owned and operated by Hakkasan LV, LLC, a Nevada LLC, which is an indirect wholly owned subsidiary of Hakkasan Limited. Hakkasan Limited went on to state it "also owns and/or operates, either directly or through its subsidiary companies, several other Hakkasan" locations globally.

22. Plaintiffs seek recovery on their own behalf against the Hakkasan Group as well as on behalf of all similarly situated employees who worked for Hakkasan Group's nightlife and daylife venues.

23. Plaintiff BRAD GARDNER ("Gardner") was employed by Hakkasan Group as a Promotions Manager at the Omnia San Diego venue from approximately April 2015 through May 2016.

24. Plaintiff MICHAEL ALBA ("Alba") was employed by Hakkasan Group as a VIP Host at the Omnia San Diego venue from approximately April 2015 through late 2015.

25.     Plaintiff KEVIN CHO ("Cho") was employed by Hakkasan Group as a Promoter at the Omnia San Diego venue from approximately April 2015 through April 2016.

**JOINT EMPLOYER ALLEGATIONS**

26.     To the extent that Hakkasan Limited, Hakkasan USA, and Hakkasan Holdings are not a single enterprise, they jointly employee Plaintiffs and the respective Classes.

27.     Hakkasan Limited, Hakkasan USA, and Hakkasan Holdings, by and through their mutual and individual employees, each retain the right to hire and fire Plaintiffs and the respective Class and Collective Action Members.

28.     Hakkasan Limited, Hakkasan USA, and Hakkasan Holdings, by and through their mutual and individual employees, each controlled Plaintiffs and the respective Class and Collective Action Members' work schedules and conditions of employment, described in detail below.

29.     Hakkasan Limited, Hakkasan USA, and Hakkasan Holdings, by and through their mutual and individual employees, each determined the rate and method of payment for Plaintiffs and the respective Class and Collective Action Members, described in detail below.

30.     Hakkasan Limited, Hakkasan USA, and Hakkasan Holdings, by and through their mutual and individual employees, individually or separately maintained and had access to Plaintiffs' and the respective Class and Collective Action Members' employment records.

**GENERAL ALLEGATIONS**

**VIP Host Employees**

31.     Hakkasan Group employs VIP Hosts throughout the United States and California. Alba was a VIP Host during his tenure with Hakkasan Group.

32.     VIP Hosts are expected to generate revenue for the Hakkasan Group by developing and servicing relationships with existing and potential VIP guests.

They market to, communicate with, and service VIP guests across various Hakkasan Group venues. The use of their personal cell phones and similar devices is required to engage in this work.

33.     VIP Hosts have a minimum amount of VIP table sales to reach each week as well as a minimum amount of VIP guests to bring into the club each week. VIP Hosts are encouraged and expected to book VIP guests not just at their primary Hakkasan Group venue but at other Hakkasan Group venues.

34.     Collecting data on VIP guests and engaging in marketing techniques to reach these guests is expected from VIP Hosts.

35.     VIP Hosts must be in office during the week to attend meetings, give reports, and work towards generating VIP guests' business.

36.     VIP Hosts are also expected to be in the respective Hakkasan Group venues during the three or more evenings in which the venues are open to check on VIP guests and ensure their customers are satisfied.

37.     Between the time spent in office and in venue, as well as the other time outside of these locations VIP Hosts spent working towards generating VIP business, they spent well in excess of 40 hours per week working for Hakkasan Group.

38.     Hakkasan Group improperly classified VIP Hosts as "exempt" employees in California and nationally. As a result, Defendants never paid VIP Hosts any overtime.

39.     VIP Hosts were also forced to pool tips with management partaking in said tip pooling. This is a violation of state and federal law, as described below.

40.     In addition to their salaries, VIP Hosts are eligible for commissions. The commission structure for VIP Hosts was not well explained and it was not broken down on their pay checks in a comprehensible manner.

41.     California VIP Hosts did not receive rest breaks or meal periods despite regularly working shifts that require such breaks.

42. As relevant to California VIP Hosts, Hakkasan Group failed to provide adequate information on wage statements and failed to pay all wages when due.

**Promotions Related Employees**

43. While VIP Hosts focus on VIP clients and sales, Hakkasan Group's Promotions employees focus on generating non-VIP traffic to the Hakkasan Group venues and getting people in the door. The job of promotion employees, such as Promoters and Promotion Managers (collectively, "Promotion Employees"), is to increase venue attendance and build brand loyalty by distributing information directly to potential guests and engaging in marketing.

44. Gardner was a Promotions Manager and Cho was a Promoter for Hakkasan Group, based out of Omnia San Diego.

45. Promotion Employees have set in-office hours where they would discuss strategy and goals. They also spend a good deal of time outside of the office, either at home or at different locations, engaging in promotional activities or interfacing with potential guests. Promotion employees are also expected to be in their respective venues for a period of time each night the venues are open to ensure their clients are having a good time. The use of their personal cell phones and similar devices is required to engage in this work.

46. Promoters are paid hourly for the time they spend in office and in venue. But Defendant does not pay them for the time they spend engaging in promotion activities outside of these locations. This accounts for a significant amount of their time in a given week. It is normal to work in excess of 40 hours per week as a promoter. Defendant paid no overtime as is required by state and federal law.

47. Defendant misclassified Promotions Managers as "exempt" employees in California and nationally. As a result, Defendants never paid for overtime hours worked as is required by state and federal law.

48.     In addition to their hourly wages or salaries, promotion employees receive commissions. The commission structure for Promotions Employees was not well explained and it was not broken down on their pay checks in a comprehensible manner.

49.     California Promotions Employees do not receive rest breaks or meal periods despite regularly working shifts that require such breaks.

50.     As relevant to California Promotions Employees, Hakkasan Group failed to provide adequate information on wage statements and failed to pay all wages when due.

## **COLLECTIVE ACTION ALLEGATIONS**

51.     By their actions described in this complaint, Defendants violated the FLSA and Plaintiffs now bring a collective action for violations of the FLSA on behalf of the three sub-groups as follows:

The VIP Host Collective Action Group which is defined as:

> All persons nationwide who were, are, or will be employed by Hakkasan Group as an exempt VIP Host or in any other substantially similar position during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

The Promotions Manager Collective Action Group which is defined as:

> All persons nationwide who were, are, or will be employed by Hakkasan Group as an exempt Promotions Manager or in any other substantially similar position during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

The Promoter Collective Action Group which is defined as:

> All persons nationwide who were, are, or will be employed by Hakkasan Group as a non-exempt Promoter or in any other substantially similar position during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine.

52.     To the extent equitable tolling operates to toll claims by any of the aforementioned Collective Action Groups against the Defendants, the applicable statute of limitations and period for calculating damages should be adjusted accordingly.

53.     Plaintiffs bring this lawsuit on behalf of themselves individually and the respective Collective Action Groups as a collective action.  Defendants are engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

54.     Federal labor law mandates that all employees must be compensated for all hours worked, including all straight time compensation and overtime compensation, unless they are properly exempted from those requirements. *See* 29 C.F.R. § 778.223 and 29 C.F.R. § 778.315.

55.     Defendant willfully engaged in a widespread pattern and practice of violating these provisions by failing to pay required wages. With respect to the VIP Host Collective Action Group, Defendants failed to compensate for overtime hours worked. With respect to the Promotions Manager Collective Action Group, Defendants failed to compensate for overtime hours worked. With respect to the Promoter Collective Action Group, Defendants failed to compensate for hours worked outside of the office and venue and overtime hours worked.

56.     This action meets all prerequisites for the maintenance of a collective action under the FLSA.  Specifically:

(a)     The persons who comprise the respective Collective Action Groups exceed 40 persons (per group) and are therefore so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the respective

Collective Action Groups and will apply uniformly to every member of the respective collective action groups;

(c)     The claims of the representative Plaintiffs are typical of the claims of each member of the respective Collective Action Groups. Alba, like all other members of the VIP Host Collective Action Group, was subjected to Defendants' illegal practices of failing to pay all required overtime wages. Gardner, like all other members of the Promotions Manager Collective Action Group, was subjected to Defendants' illegal practices of failing to pay all required overtime wages. Cho, like all other members of the Promoter Collective Action Group, was subjected to Defendants' illegal practices of failing to pay for all hours worked and provide all required wages. Plaintiffs sustained economic injury as a result of Defendants' employment practices. Plaintiffs and the members of the respective collective action groups were and are similarly or identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendants; and

(d)     The representative Plaintiffs will fairly and adequately represent and protect the interest of the respective Collective Action Groups, and have retained attorneys who are competent and experienced in similar litigation. There are no material conflicts between the claims of the representative Plaintiffs and the members of the respective Collective Action Groups that make collective treatment inappropriate. Counsel for the respective collective action groups will vigorously assert the claims of the entire respective Collective Action Groups.

## THE CALIFORNIA CLASS

57.     Plaintiffs also bring claims under California Law as a class action pursuant to FRCP Rule 23 on behalf of California Classes defined as:

The California VIP Host Class is defined as:

> All Defendants' California employees who were, are, or will be employed by Hakkasan Group as exempt VIP Hosts or in any other substantially similar positions during the period commencing four years prior to the filing of this Complaint and ending on the date as the Court shall determine.

The California Promotions Manager Class which is defined as:

> All Defendants' California employees who were, are, or will be employed by Hakkasan Group as an exempt Promotions Manager or in any other substantially similar position during the period commencing four years prior to the filing of this Complaint and ending on the date as the Court shall determine.

The California Promoter Class which is defined as:

> All Defendants' California employees who were, are, or will be employed by Hakkasan Group as a non-exempt Promoter or in any other substantially similar position during the period commencing four years prior to the filing of this Complaint and ending on the date as the Court shall determine.

58. To the extent equitable tolling operates to toll claims by the respective California Classes against Defendants, the applicable statute of limitations or recovery period should be adjusted accordingly.

59. Plaintiffs are informed and believe that at least one member of each of the respective California Classes is a citizen of a state other than California. Plaintiffs are informed and believe that the amount in controversy in the Complaint exceeds the sum or value of $5,000,000.

60. Defendants, as a matter of corporate policy, practice, and procedure, and in violation of the applicable California Labor Code, IWC Wage Order Requirements, and other applicable provisions of California law, intentionally, knowingly, and willfully refused to pay all compensation owed to the Plaintiffs and the other members of the respective California Classes for their hours worked,

failed to reimburse for ordinary business expenses, failed to provide accurate itemized wage statements, failed to provide meal and rest breaks, failed to pay all wages when due, and failed to adequately explain and pay commissions. Defendants also used illegal tip pooling schemes as it relates to the California VIP Host Class.

61. This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in FRCP Rule 23, in that:

(a)  The persons who comprise the respective California Classes are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the respective California Classes and will apply uniformly to every member of the respective California Classes;

(c)  The claims of the representative Plaintiffs are typical of the claims of each member of the respective California Classes. Plaintiffs, like all other members of the respective California Classes, were subjected to Defendants' illegal practice of refusing to pay all wages, refusing to pay overtime premium pay, refusing to provide meal and rest breaks, refusing to reimburse for ordinary business expenses, refusing to pay wages when due, and refusing to provide accurate wage statements. Plaintiffs sustained economic injury as a result of Defendants' employment practices. Plaintiffs and the members of the respective California Classes were and are similarly and identically harmed by the same unlawful, deceptive, unfair, and pervasive pattern of misconduct engaged in by Defendants; and

(d)  The representative Plaintiffs will fairly and adequately represent and protect the interest of the respective California Classes, and have retained attorneys who are competent and experienced in Class Action litigation.

CLASS ACTION COMPLAINT

There are no material conflicts between the claims of the representative Plaintiffs and the members of the respective California Classes that make class certification inappropriate. Counsel for the respective California Classes will vigorously assert the claims of all class members.

62.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to FRCP Rule 23, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory, and other legal questions within a class format, prosecution of separate actions by individual members of the respective California Classes will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members establishing incompatible standards of conduct for the parties opposing the respective California Classes and/or which would as a practical matter be dispositive of interests of the other members not party to the adjudication. This would substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the respective California Classes have acted or refused to act on grounds generally applicable to the respective California Classes, making appropriate class-wide relief with respect to the respective California Classes as a whole.

(c)     Common questions of law and fact exist as to the members of the respective California Classes, with respect to the practices and violations of California Law as listed above, and predominate over any question affecting only individual members. A Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the respective California Classes in individually controlling the prosecution or defense of separate actions;

2) The extent and nature of any litigation concerning the controversy already commenced by or against members of the respective California Classes;

3) The desirability or undesirability of concentrating the litigation of the claims in the particular forum;

4) The difficulties likely to be encountered in the management of a Class Action; and,

5) The basis of Defendants' conduct towards Plaintiffs and the respective California Classes.

63. The class is ascertainable. Defendants maintain records from which the Court can ascertain the identity, job title, employment dates, and other information of each of Defendants' employees who were systematically, intentionally, and uniformly subjected to Defendants' unlawful behavior. The records of Defendants will identify which employees failed to receive the compensation to which they were entitled, who failed to receive meal and rest breaks, who failed to get reimbursed for ordinary business expenses, who did not receive adequate wage statements, and who were not paid all wages when due.

**FIRST CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE VIP HOST COLLECTIVE ACTION GROUP, BY GARDNER ON BEHALF OF THE PROMOTIONS MANAGER COLLECTIVE ACTION GROUP, AND BY CHO ON BEHALF OF THE PROMOTOR COLLECTIVE ACTION GROUP AGAINST DEFENDANTS FOR FAILURE TO PAY WAGES DUE UNDER THE FLSA**
**(Collective Action under the FLSA)**

64. Plaintiffs incorporate by reference each and every allegation contained above.

65. Plaintiffs bring this claim individually and on behalf of the respective Collective Action Groups.

66. Under the FLSA an employer must pay wages not less than the applicable minimum hourly wage, as mandated by 29 U.S.C. § 206(a), and for overtime hours, as mandated by 29 U.S.C. § 207(a), 29 C.F.R. § 778.223, and 29 C.F.R. § 778.315.

67. Alba and the VIP Host Collective Action Group were misclassified as exempt employees and, as such, were not paid for overtime hours. This Group consistently worked in excess of 40 hours per work week yet received no compensation for this time in violation of the FLSA.

68. Gardner and the Promotions Manager Collective Action Group were misclassified as exempt employees and, as such, were not paid for overtime hours. This Group consistently worked in excess of 40 hours per work week yet received no compensation for this time in violation of the FLSA.

69. Cho and the Promoter Collective Action Group only received compensation for the hours they spent working in the office and in the venue. They received no compensation for the remainder of the hours worked outside of these contexts, which was a significant amount of time. Overtime hours worked by this Group likewise went uncompensated and/or undercompensated in violation of the FLSA.

70. Defendant's willful violation of the FLSA entitles Plaintiffs and the respective Collective Action Groups to recover unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial. *See* 29 U.S.C. § 216(b).

[*rest of page intentionally left blank*]

## SECOND CAUSE OF ACTION
**BY ALBA ON BEHALF OF THE VIP HOST COLLECTIVE ACTION GROUP AGAINST DEFENDANTS FOR ILLEGAL TIP POOLING UNDER THE FLSA**
**(Collective Action under the FLSA)**

71.    Plaintiffs incorporate by reference each and every allegation contained above.

72.    Alba bring this claim individually and on behalf of VIP Host Collective Action Group.

73.    Under the FLSA an employee's tips are his own and an employer may not use the tips for any reason other than crediting against the minimum wage obligation. Tip pooling is permitted under the FLSA but only among employees who customarily and regularly receive tips. This does not include management or the employers themselves.

74.    Defendants forced Alba and the VIP Host Collective Action Group to pool tips among themselves and with management.

75.    As a result of these illegal practices, Alba and the VIP Host Collective Action Group lost wages in the form of tips due to them under the FLSA that were wrongfully withheld and distributed to management. They are allowed to recover unpaid tips, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest. This amount will be determined at trial.

## THIRD CAUSE OF ACTION
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO COMPENSATE FOR ALL HOURS WORKED**
**(Class Action under FRCP Rule 23)**

76.    Plaintiffs incorporate by reference each and every allegation contained above.

77.    Plaintiffs bring this claim individually and on behalf of the respective California Classes.

78. California law requires Defendants to compensate Plaintiffs and the respective California Classes for all hours worked.

79. Alba and the California VIP Host Class were misclassified as exempt employees and, as such, were not paid for all hours worked. This Group consistently worked in excess of 40 hours per work week yet received no compensation for this time in violation of California law.

80. Gardner and the California Promotions Manager Class were misclassified as exempt employees and, as such, were not paid for all hours worked. This Group consistently worked in excess of 40 hours per work week yet received no compensation for this time in violation of California law.

81. Cho and the California Promoter Class only received compensation for the time they spent working in the office and in the venue. The remainder of the hours worked outside of these contexts, which was a significant amount of time, went entirely uncompensated in violation of California law.

82. As a proximate result of Defendants' unlawful conduct, Plaintiffs and the respective California Classes sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorney's fees, and costs.

**FOURTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO PROVIDE OVERTIME PREMIUM PAY UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

83. Plaintiffs incorporate by reference each and every allegation contained above.

84. Plaintiffs bring this claim individually and on behalf of the respective California Classes.

85.     Under California law, employees are entitled to premium pay of not less than one and one half times their regular rate for hours worked in excess of 8 in a day and 40 in a week.

86.     Alba and the California VIP Host Class regularly worked in excess of 8 hours in a day and 40 hours in a week, yet received no overtime premium pay.

87.     Gardner and the California Promotions Manager Class regularly worked in excess of 8 hours in a day and 40 hours in a week, yet received no overtime premium pay.

88.     Cho and the California Promoter Class regularly worked in excess of 8 hours in a day and 40 hours in a week, yet received no overtime premium pay.

89.     As a proximate result of Defendants' unlawful conduct, Plaintiffs and the respective California Classes sustained damages and are entitled to recover unpaid wages, liquidated damages, interest, applicable penalties, attorney's fees, and costs.

**FIFTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO PAY REST BREAK PREMIUM PAY UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

90.     Plaintiffs incorporate by reference each and every allegation contained above.

91.     Plaintiffs bring this claim individually and on behalf of the respective California Classes.

92.     Under California law, employees are entitled to a paid ten minute rest break for every four hour period worked, or significant portion thereof. During rest breaks, employers must relieve employees of all duties and relinquish control over how they spend their time. For each day adequate rest periods are not provided, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation.

93.    Alba and the California VIP Host Class consistently worked over four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks. While Alba and the California VIP Host Class were considered exempt by Defendants, they were not exempt.

94.    Gardner and the California Promotions Manager Class consistently worked over four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks. While Gardner and the California Promotions Manager Class were considered exempt by Defendants, they were not exempt.

95.    Cho and the California Promoter Class consistently worked over four hours per day without adequate rest breaks. Defendant failed to compensate for the missed breaks.

96.    Plaintiffs and the respective California Classes are entitled to recover an amount equal to one hour of wages per missed rest break, interest, applicable penalties, attorneys' fees, and costs.

**SIXTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFNORIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO PROVIDE MEAL PERIODS UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

97.    Plaintiffs incorporate by reference each and every allegation contained above.

98.    Plaintiffs bring this claim individually and on behalf of the respective California Classes.

99.    Under California law, employers must provide a 30 minute uninterrupted, off-duty meal period for each shift over five hours. Where a meal period is not provided, employees are entitled to one hour's compensation at their regular rate of pay.

100. Alba and the California VIP Host Class regularly worked shifts over five hours. However, Defendants made no arrangements for uninterrupted, off-duty meal periods and did not provide compensation in lieu.

101. Gardner and the California Promotions Manager Class regularly worked shifts of qualifying duration. However, Defendants made no arrangements for uninterrupted, off-duty meal periods and did not provide compensation in lieu.

102. Cho and the California Promoter Class regularly worked shifts of qualifying duration. However, Defendants made no arrangements for uninterrupted, off-duty meal periods and did not provide compensation in lieu. None of the Plaintiffs or any of their fellow class members waived their right to meal periods.

103. Plaintiffs and the respective California Classes are entitled to recover an amount equal to one hour of wages per missed meal period, interest, applicable penalties, attorneys' fees, and costs.

**SEVENTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO INDEMNIFY FOR NECESSARY EXPENDITURES UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

104. Plaintiffs incorporate by reference each and every allegation contained above.

105. Plaintiffs bring this claim individually and on behalf of the respective California Classes.

106. California law requires employers to indemnify employees for all necessary expenditures or losses incurred in direct consequence of the discharge of their duties. This includes reimbursement to employees who are required to use personal cell phones for work-related purposes.

107. Alba and the California VIP Host Class were expected to use, and often did use, their personal cell phones and similar devices to make and keep in contact with potential clients and to advertise and promote Hakkasan Group venues. .

108. Gardner and the California Promotions Manager Class were expected to use, and often did use, their personal cell phones and similar devices to make and keep in contact with potential clients and to advertise and promote Hakkasan Group venues.

109. Cho and the California Promoter Class were expected to use, and often did use, their personal cell phones and similar devices to make and keep in contact with potential clients and to advertise and promote Hakkasan Group venues.

110. Defendants never reimbursed Plaintiffs or their fellow class members, in whole or in part, for using their personal devices.

111. As a proximate result of Defendants' unlawful conduct, Plaintiffs and the respective California Classes sustained damages and are entitled to recover for necessary expenditures or loss incurred, interest, applicable penalties, attorneys' fees, and costs.

**EIGHTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO SET FORTH TERMS OF AND ADEQUATELY PAY COMMISSIONS UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

112. Plaintiffs incorporate by reference each and every allegation contained above.

113. Plaintiffs bring this claim individually and on behalf of the respective California Classes.

114. California law requires employers who pay commission to employees to provide a written contract setting forth the method by which the commissions shall be computed and paid.

115. Defendants failed to set forth a written contract setting forth how commission was to be computed and paid to Alba and the California VIP Host Class.

116. Defendants failed to set forth a written contract setting forth how commission was to be computed and paid to Gardner and the California Promotions Manager Class.

117. Defendants failed to set forth a written contract setting forth how commission was to be computed and paid to Cho and the California Promoter Class.

118. Plaintiffs and their fellow class members suffered harm as a result of Defendants' illegal conduct.

119. Plaintiffs and the respective California Classes are entitled to recover the wages lost as a result of Defendants' commission shortcomings, interest, applicable penalties, attorneys' fees, and costs.

**NINTH CAUSE OF ACTION**
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS**
**AGAINST DEFENDANTS FOR ILLEGAL TIP POOLING UNDER**
**CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

120. Plaintiffs incorporate by reference each and every allegation contained above.

121. Alba bring this claim individually and on behalf of the California VIP Host Class.

122. Under California law, an employee's tips are his or her own. Tip pooling is sometimes permitted, but only among employees who customarily and regularly receive tips. This does not include management or the employers themselves.

123. Alba and the California VIP Host Class earn tips as part of the VIP Host job. Defendants forced Alba and the California VIP Host Class to pool tips among themselves and with management.

124. As a result of these illegal practices, Alba and the California VIP Host Class lost tips due to them under California law. They are allowed to recover unpaid tips, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest.

### TENTH CAUSE OF ACTION
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR WAITING-TIME PENALTIES UNDER CALIFORNIA LAW**
**(Class Action under FRCP Rule 23)**

125. Plaintiffs incorporate by reference each and every allegation contained above.

126. Plaintiffs bring this claim individually and on behalf of the respective California Classes.

127. By failing to compensate Alba and the California VIP Host Class for all hours worked, failing to adequately compensate for meal and rest breaks, failing to pay overtime premium pay, failing to reimburse for necessary business expenses, and the like, Defendants have and continue to violate California law which requires payment of full wages when due.

128. By failing to compensate Gardner and the California Promotions Manager Class for all hours worked, failing to adequately compensate for meal and rest breaks, failing to pay overtime premium pay, failing to reimburse for necessary business expenses, and the like, Defendants have and continue to violate California law which requires payment of full wages when due.

129. By failing to compensate Cho and the California Promoter Class for all hours worked, failing to adequately compensate for meal and rest breaks, failing

1    to pay overtime premium pay, failing to reimburse for necessary business expenses,

2    and the like, Defendants have and continue to violate California law which requires

3    payment of full wages when due.

4    130.   Defendants' willful failure to make timely payment of full wages due

5    is a violation of Labor Code Sections 201, 202, and 203, entitling Plaintiff and the

6    respective California Classes to recover waiting time penalties.

7    131.   Plaintiffs and the respective California Classes are entitled to recover

8    waiting time penalties and unpaid wages along with interest, applicable penalties,

9    attorney's fees, and costs.

10   **ELEVENTH CAUSE OF ACTION**
     **BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS**
11   **MANAGER CLASS AND BY CHO ON BEHALF OF THE CALIFORNIA**
     **PROMOTER CLASS AGAINST DEFENDANTS FOR FAILURE TO**
12   **PROVIDE ACCURATE WAGE STATEMENTS**
     **UNDER CALIFORNIA LAW**
13   **(Class Action under FRCP Rule 23)**

14   132.   Plaintiffs incorporate by reference each and every allegation contained

15   above.

16   133.   Gardner brings this claim individually and on behalf of the California

17   Promotions Manager Class. Cho brings this claim individually and on behalf of the

18   California Promoter Class.

19   134.   Employers must furnish employees with accurate, itemized wage

20   statements at the time of payment of wages under California law. These statements

21   must show detailed information, including but not limited to, each hour worked,

22   each wage rate applied, and hours of compensable rest and recovery periods,

23   among other items. This ensures employees are able to determine whether or not

24   they are being paid wages in accordance with California law.

25   135.   Defendants knowingly and intentionally violated their duty to provide

26   accurate wage statements to Plaintiffs and their fellow class members by failing to

27   provide earnings statements which accurately document hours worked, wage rate

28

applied, and hours of compensable rest and recovery periods, among other shortcomings.

136. The above-mentioned Plaintiff and respective Classes are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code Sections 226.2, 226, and 1174, among other provisions. They are also entitled to and seek actual and statutory damages available for such violations under Labor Code Sections 226.2, 226, and 1174.5, plus interest, costs, and attorneys' fees.

### TWELFTH CAUSE OF ACTION
**BY ALBA ON BEHALF OF THE CALIFORNIA VIP HOST CLASS, BY GARDNER ON BEHALF OF THE CALIFORNIA PROMOTIONS MANAGER CLASS, AND BY CHO ON BEHALF OF THE CALIFORNIA PROMOTER CLASS AGAINST DEFENDANTS FOR VIOLATIONS OF CALIFORNIA'S UCL**
**(Class Action under FRCP Rule 23)**

137. Plaintiffs incorporate by reference each and every allegation contained above.

138. Plaintiffs bring this claim individually and on behalf of the respective California Classes.

139. California Business & Professions Code sections 17200, *et seq.* ("UCL") prohibits business practices which are "unlawful."

140. Defendant has committed, and upon information and belief continues to commit, ongoing unlawful business practices within the meaning of California's UCL, including, but not limited to: (i) Compelling Plaintiffs and the respective California Classes to work for periods of five or more consecutive hours without having at least a one half hour break for meals; (ii) Compelling Plaintiffs and the respective California Classes to work for periods of four or more consecutive hours without having at least a one ten minute rest period; (iii) Failing to pay premium wages earned while working without the legally mandated meal and rest breaks; (iv) Failing to pay the full amount of regular and premium wages earned during workdays; (v) Failing to pay the full amount of their earned and unpaid wages at the time of discharge; (vi) Failing to provide accurate and itemized wage

CLASS ACTION COMPLAINT

statements required under California law; (vii) Failing to adequately set forth and pay commissions; and (viii) Illegally pooling tips.

141. The unlawful business practices described above have proximately caused monetary damages to Plaintiffs and to the general public.

142. Pursuant to the UCL, Plaintiffs and the respective California Classes are entitled to restitution of money or property acquired by Defendants by means of such unlawful business practices, in amounts not yet known, but to be ascertained at trial.

143. Pursuant to the UCL, Plaintiffs and the respective California Classes and the general public are entitled to injunctive relief against Defendants' ongoing continuation of such unlawful business practices.

144. If an injunction does not issue enjoining Defendants from engaging in the unlawful business practices described above, Plaintiffs and the general public will be irreparably injured, the exact extent, nature, and amount of such injury being impossible to ascertain.

145. Plaintiffs have no plain, speedy, and adequate remedy at law.

146. Defendants, if not enjoined by this Court, will continue to engage in the unlawful business practices described above in violation of the UCL, in derogation of the rights of Plaintiffs and of the general public.

147. Plaintiffs' success in this action will result in the enforcement of important rights affecting the public interest by conferring a significant benefit upon the general public.

148. Private enforcement of these rights is necessary as no public agency has pursued enforcement. There is a financial burden incurred in pursuing this action, and it would be against the interests of justice to require the payment of attorneys' fees from any recovery in this action.

149. Plaintiffs are therefore entitled to an award of attorneys' fees and costs of suit pursuant to California Code of Civil Procedure section 1021.5.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on their own behalf and on the behalf of those similarly situated, pray for judgment as follows:

1. For an order certifying the federal claims as a collective action;

2. For an order certifying as a class action, under FRCP Rule 23, the state law claims;

3. For consequential damages, including back-pay, according to proof;

4. For statutory damages and penalties, except that, at this time, Plaintiffs are not seeking civil penalties under PAGA;

5. For a declaration that Defendants violated the rights of Plaintiffs and those similarly situated under California and federal law;

6. For liquidated damages according to proof pursuant to California Labor Code section 1194.2 and the FLSA;

7. For waiting time penalties according to proof pursuant to California Labor Code section 203;

8. That Defendants be ordered to show cause why it should not be enjoined and ordered to comply with the applicable Labor Code and FLSA provisions related to minimum wage compensation, overtime compensation, and record keeping for Defendants' employees; and for an order enjoining and restraining Defendants and their agents, servants, and employees related thereto;

9. For restitution to Plaintiffs and those similarly situated of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to violate the mandates established by California's UCL;

10. For an injunction to prohibit Defendants from engaging in the unfair business practices complained of here;

11. For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

12. For actual damages or statutory penalties according to proof as set forth in California Labor Code section 226;

13. For pre-judgment interest as allowed by California Labor Code sections 218.5 or 1194 and California Civil Code section 3287;

14. For reasonable attorneys' fees, expenses and costs as provided by California Labor Code sections 226 or 1194 and Code of Civil Procedure section 1021.5, and the FLSA; and

15. For such other relief that the court may deem just and proper.

## REQUEST FOR JURY TRIAL

Plaintiffs hereby request a Trial by Jury.

Respectfully submitted:                    **NICHOLAS & TOMASEVIC, LLP**

DATED: March 21, 2017          By:    _/s/ Shaun Markley_
                                               Craig M. Nicholas
                                               Alex M. Tomasevic
                                               Shaun Markley

                                               *Attorneys for Plaintiffs*